86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hipolito MEDINA-MORALES, Defendant-Appellant.
 No. 95-50334.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hipolito Medina-Morales appeals his fifteen-month sentence imposed following his guilty plea to conspiracy to transport and harbor illegal aliens in violation of 18 U.S.C. § 371, 8 U.S.C. § 1324(a)(1)(B), and (a)(1)(C). Medina-Morales contends that the district court erred by denying him a three-level downward adjustment pursuant to U.S.S.G. § 2L1.1(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's interpretation and application of the Sentencing Guidelines, and review for clear error the district court's factual findings. United States v. France, 57 F.3d 865, 866 (9th Cir.1995). Under the Sentencing Guidelines, the base offense level for transporting or harboring illegal aliens is nine. U.S.S.G. § 2L1.1(a). If the defendant committed the offense "other than for profit," the Guidelines provide for a three-level downward adjustment. U.S.S.G. § 2L1.1(b). The Guidelines define "for profit" as financial gain or commercial advantage, but exclude a defendant who commits the offense solely in return for his own entry or transportation. See U.S.S.G. § 2L1.1, comment. (n. 1); see also United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992).
 
 
 4
 Here, Medina-Morales contends that he participated in the offense solely in return for his own entry. Medina-Morales admitted to cooking and cleaning the drop house, possessing keys to the drop house, and receiving room and board. In the pre-sentence report, Medina-Morales was identified as one of the persons who guarded the smuggled aliens and collected the names and phone numbers of relatives from the illegal aliens. The district court determined that Medina-Morales' role was inconsistent with someone working off a smuggling debt in return for his own entry. The district court also determined that the level of responsibility and trust defined by Medina-Morales' role was indicative of an individual who is a valued member of the conspiracy "working for profit." The district court also considered that Medina-Morales had been previously convicted of conspiracy to transport and harbor illegal aliens.
 
 
 5
 Because Medina-Morales received room and board in exchange for his role in the offense, maintained a position of trust in the conspiracy and had been previously convicted for the same offense, the district court's conclusion that Medina-Morales committed this offense "for profit" was not clearly erroneous. See United States v. Hernandez-Rodriguez, 975 F.2d at 628. Accordingly, the district court did not clearly err by denying Medina-Morales a three-level downward adjustment. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3